FILED
2016 Sep 28 PM 05:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Purchase Order No. 993578

# Exhibit 6

# to

# George Nigel Dart Affidavit



**Gallo Glass Company**
(hereinafter "Buyer")
SEND ALL INVOICES "ATTENTION ACCOUNTS PAYABLE"
BILL TO: P.O. BOX 3044, MODESTO CA, 95353

GALLO GLASS COMPANY
ISO 9001:2000 & 14001:2004 Certified

This Purchase Order No. must appear on all invoices, shipping papers, and correspondence. NOTICE: TERMS AND CONDITIONS ON THE REVERSE SIDE ARE AN INTEGRAL PART OF THIS PURCHASE ORDER. BY COMMENCING PERFORMANCE AND/OR DELIVERING THE DELIVERABLES, VENDOR AGREES TO THOSE TERMS AND CONDITIONS.

Purchase Order No: 993578-000
Date: 03/10/16
00150392
Seller's Sales Order:
Sales Person: Greg

# P U R C H A S E   O R D E R

Vendor: SPECIAL SHAPES REFRACTORY CO
913 INDUSTRIAL PARK CIR
BESSEMER AL 35022

Ship To: GALLO GLASS CO
S SANTA CRUZ & LARKIN
MODESTO CA 95354

Buyer Contact: NICOLAI, STEVE J
F.O.B.: FOB Destination
Payment Terms: Net Cash 30 Days

Carrier:
Delivery Instructions:

| Item | Quantity | Unit | Description | Due Date | Unit Cost | Extended Cost |
|------|----------|------|-------------|----------|-----------|---------------|
| | | | ** CONFIRMING - DO NOT DUPLICATE ** | | | |
| | | | ** PO# MUST BE CLEARLY IDENTIFIED ON ALL PACKAGES, PACKING SLIPS, & INVOICES ** | | | |
| 1 | 1.00 | EA | COMPLETE-MAINT<br>Buffer blocks per quote 3516<br>Req: POWYS, MARK S       65401<br>GL#:    7051.6021<br>SBL: 1436   X<br>OOOO | 03/11/16 | 3,292.3600 | 3,292.36 |
| 2 | 1.00 | EA | COMPLETE-MAINT<br>Tank patch and calcoat per<br>quote 3494-2<br>Req: POWYS, MARK S       65401<br>GL#:    7051.6021<br>SBL: 1436   X<br>OOOO | 03/11/16 | 24,685.4800 | 24,685.48 |
| 3 | 1.00 | EA | FREIGHT-CPO-NONSTK<br>FREIGHT - PREPAY&ADDNON STOCK<br>MATERIALS COMPLETE<br>Req: POWYS, MARK S       65401<br>GL#:    7051.6021<br>SBL: 1436   X<br>OOOO | | .0000 | |
| | | | Tax Rt  3.438 | | 961.88 | 28,939.72 |

**Buyer reserves the right to cancel if not shipped as and when stated above and in accordance with the terms hereof.**

This Purchase Order constitutes Buyer's offer to Vendor, and becomes a binding contract when accepted by Vendor by acknowledgment or commencement of performance, whichever comes first. This Purchase Order cannot be modified except by a written agreement signed by authorized representatives of both parties that specifically supersedes this Purchase Order.

Page: 1 of 1

**NOTICE: BY COMMENCING PERFORMANCE VENDOR AGREES TO BE BOUND BY THESE TERMS AND CONDITIONS.**

1. The term "Deliverables" as used herein includes tangibles, intangibles, equipment, materials, works protected by intellectual property laws, services, software and all other items delivered or provided by Vendor hereunder.

2. If the Parties to this Purchase Order have entered into a Master Independent Contractors Agreement ("MICA") and/or a Master Agreement ("MA"), then this Purchase Order is governed by the Contract Documents as that term is defined in Section 2 of the MICA and Section 1.2 of the MA. If the parties have not entered into a MICA or MA, then this Purchase Order is governed solely by the terms and conditions set forth in this Purchase Order, including without limitation the terms and conditions on the reverse side hereof; in such case, this Purchase Order is the entire agreement between the Parties with respect to its subject matter. Any additional or different terms or conditions proposed by Vendor that are not expressly included in this Purchase Order are objected to and rejected. Any terms inconsistent with or additional to the terms set forth in this Purchase Order (including terms in any proposal, acknowledgement, invoice, or other document of Vendor) will not be binding on Buyer unless specifically and expressly incorporated into this Purchase Order in writing.

3. The price for each item will be the price shown for such item on the face of this Purchase Order. Prices shown are all-inclusive, except for state sales taxes, where applicable, unless otherwise agreed in writing and set forth in this Purchase Order. Buyer will not be liable for any state sales or other taxes not included on Vendor's original invoices for the Deliverables subject to such taxes.

4. Vendor agrees to deliver all Deliverables by the due date(s) on the front of this Purchase Order. Buyer is not obligated to accept Deliverables tendered after the due date. Vendor agrees to inform Buyer immediately if Vendor has any reason to believe that it will not complete performance by the due date. **TIME IS OF THE ESSENCE.**

5. Vendor will pack all physical Deliverables in suitable containers for protection during shipment and storage at no extra charge except as specifically authorized in this Purchase Order. If Buyer is specified on the front of this Purchase Order as the party responsible for shipping charges, Vendor will pack, identify and ship Deliverables so as to secure the lowest possible shipping charges consistent with reasonable service.

6. Vendor will include shipping memos with all shipments, and, unless instructed otherwise, will send invoices in duplicate to Buyer's Accounts Payable Department. When Vendor makes partial shipments under one Purchase Order, the date of the final shipment will be the date of all shipments thereunder for purposes of payment and discount. Deliverables will not be shipped C.O.D.

7. Vendor hereby guarantees that no Deliverables covered by this Purchase Order: (i) are misbranded or adulterated, or will cause Buyer products to be misbranded or adulterated, within the meaning of the Federal Food, Drug, and Cosmetic Act (the "Act"), or (ii) are Deliverables that may not, under the provisions of Section 404, 505, or 512 of the Act, be introduced into interstate commerce. In addition to warranties implied by law or otherwise made by Vendor, Vendor expressly warrants to Buyer that all Deliverables covered by this Purchase Order will meet the applicable specifications (including specifications, drawings, samples, or other descriptions furnished by Vendor or specified by Buyer) and be high grade, of first class quality, merchantable, fit for Buyer's particular purpose and free from defects of material or workmanship for one year after acceptance by Buyer (or such other period as agreed to by the Parties in writing). All warranties will survive Buyer's receipt or acceptance of or payment for Deliverables. Vendor represents and warrants that the Deliverables and Buyer's use thereof (i) do not and will not infringe or violate any intellectual property or other proprietary right of any other party, and (ii) meet all applicable federal, state, regional and local laws, regulations and requirements and applicable Buyer rules and regulations. Vendor further represents and warrants that Vendor has no knowledge of any actual or threatened claims or other charges or encumbrances of any kind or nature (i) upon the Deliverables or (ii) that could affect in any way the transactions contemplated by this Purchase Order.

8. Vendor will comply fully with all applicable laws prohibiting human trafficking and slavery.

9. Buyer and Vendor shall abide by the requirements of 41 C.F.R. §60-741.5(a). This regulation prohibits discrimination against qualified individuals on the basis of disability, and requires affirmative action by covered prime contractors and subcontractors to employ and advance in employment qualified individuals with disabilities. Buyer and Vendor shall abide by the requirements of 41 C.F.R. §60-300.5(a). This regulation prohibits discrimination against qualified protected veterans, and requires affirmative action by covered prime contractors and subcontractors to employ and advance in employment qualified protected veterans. Vendor also shall abide by the requirements of Executive Order 11246 and the requirements of 41 C.F.R. §60-1.4(a) which require Vendor to take affirmative action to ensure that applicants are employed, and that employees are treated during employment, without regard to their race, color, religion, sex, or national origin. Such action shall include, but not be limited to the following: Employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship.

10. All information provided or made available by Buyer hereunder will be kept strictly confidential and will not be disclosed by Vendor, will not be used by Vendor other than to perform its obligations hereunder, and will be returned to Buyer upon demand.

11. Vendor will not publish, release, or publicize in any medium, print or electronic, or otherwise disclose anything about Buyer, this Purchase Order or its existence or contents, the Deliverables, or the relationship between the Parties except as expressly set forth herein. Neither this Purchase Order nor any disclosure of information hereunder grants Vendor any right or license to any of Buyer's confidential information or any trademark, copyright or patent or other intellectual property herein now or hereafter owned or controlled by Buyer. Vendor will not use Buyer's name or any of Buyer's trademarks, trade names or trade dress for any purpose without the express prior written permission of Buyer.

12. Unless the Parties have signed the Buyer Mutual Non-Disclosure Agreement, Buyer has no confidentiality or other obligation with respect to any information or materials of Vendor.

13. If Vendor is creating or producing promotional or advertising material for Buyer, Vendor will consult with Buyer and follow Buyer's instructions, including but not limited to instructions on the format and content of the advertising material. As between Vendor and Buyer, all property and materials (and all intellectual property rights therein), including without limitation Buyer's trademarks (whether registered or unregistered), logos, trade name, trade dress, and material protected by copyright provided to Vendor by Buyer or otherwise accessed by Vendor hereunder (collectively, "Buyer Property") will remain the sole and exclusive property of Buyer (or its licensors, as applicable). Buyer will be the sole and exclusive owner of all right, title and interest in and to any intellectual property rights with respect to items conceived, developed, created or reduced to practice by Vendor, solely or jointly with others, in whole or in part, during the course of Vendor's provision of Deliverables hereunder, and any such intellectual property in and to the Deliverables will constitute Buyer Property. To perfect Buyer's ownership thereof, Vendor hereby assigns to Buyer any and all rights Vendor may have in and to the applicable Buyer Property. Vendor agrees that for copyright purposes all Buyer Property created by Vendor will be deemed "works made for hire", and that Vendor will have no rights in or to the Buyer Property. To the extent any right, title and/or interest in any such Buyer Property cannot be assigned by Vendor, Vendor hereby grants to Buyer an exclusive, perpetual, transferable, irrevocable, royalty-free, worldwide, fully paid license (with rights to sublicense through multiple tiers of licensees) to practice such non-assignable right, title and/or interest. Buyer hereby grants to Vendor a nonexclusive, non-transferable, limited license (to the extent of Buyer's rights) to use the Buyer Property provided to Vendor solely as necessary for Vendor's performance under this Purchase Order, solely for the benefit of Buyer and solely during the term of this Purchase Order. Vendor agrees to comply with any terms and conditions that are communicated by Buyer to Vendor and are applicable to any third party intellectual property provided to Vendor as Buyer Property hereunder. Vendor will comply strictly with all laws and regulations pertaining to the manufacturing of Deliverables bearing the Buyer Property and will comply strictly with all quality standards imposed by Buyer with respect to Deliverables bearing the Buyer Property. Vendor acknowledges and agrees that Buyer is the sole owner of the Buyer Property and all associated goodwill. Vendor shall not (i) do anything that that might harm the reputation or goodwill of the Buyer Property; (ii) take any action inconsistent with Buyer's ownership of the Buyer Property; or (iii) challenge Buyer's rights in or attempt to register the Buyer Property or any mark or logo substantially similar thereto. To the extent that any Vendor intellectual property ("Vendor Property") is incorporated into any Deliverables (or otherwise provided to Buyer, or the intellectual property rights therein could prevent Buyer from exercising any right in or to any Deliverables), Vendor hereby grants to Buyer a nonexclusive, transferable, perpetual, irrevocable, worldwide, royalty-free, fully paid license (with the right to sublicense through multiple tiers of licensees) to make such uses of such Vendor Property and practice all intellectual property rights relating to such Vendor Property as are necessary or appropriate for Buyer's use of the Deliverables and/or in Buyer's business.

14. Vendor hereby agrees to hold harmless, defend and indemnify Buyer against any and all costs, expenses, liabilities, losses and/or claims (including without limitation attorneys' fees) relating to any breach of this Purchase Order or otherwise relating to the Deliverables.

15. If any legal action or other proceedings are brought between Buyer and Vendor, the successful or prevailing party will be entitled to recover reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which it may be entitled. Buyer will be entitled to equitable and injunctive relief to protect Buyer's rights hereunder.

16. Vendor will not assign any rights or delegate or subcontract any obligations under this Purchase Order without Buyer's prior written consent. Buyer's consent to any assignment or subcontractor will not relieve Vendor of its responsibility for the performance of any of its obligations hereunder; nor will it constitute Buyer's consent to further assignment or subcontracting. Further, any action or inaction by any such subcontractor that would constitute a breach or violation of any term of this Purchase Order will be deemed a breach thereof by Vendor.

17. Waiver of any breach of these conditions will not be deemed to constitute waiver of the same or any other breach in the future.

18. Any dispute arising under this Purchase Order or otherwise, may be brought only in a court having jurisdiction and venue in Sacramento County for state court causes of action and in the Eastern District of California for federal court causes of action. Vendor waives any objection on the basis of personal jurisdiction or venue. Vendor agrees to accept service of process by registered mail.

19. Vendor and its employees are at all times independent contractors and not employees or agents of Buyer.

20. Vendor warrants and represents that it carries Commercial general liability (CGL) insurance written on a standard Insurance Services Office, Inc. ("ISO") policy form, or its equivalent, providing coverage of at least $1,000,000 per occurrence for premises-operations liability, products-completed operations liability, independent contractors liability, personal and advertising injury liability, and contractual liability. Upon request, Vendor will provide Buyer with certificates of insurance and copies of policy endorsements from insurance companies acceptable to Buyer evidencing the above coverage and naming Buyer as an additional insured.

21. If Vendor's use of any substance on Buyer's premises results in a hazardous or designated waste under any state or federal law or regulation, Vendor will be deemed the owner and generator of such wastes under those laws or regulations. Vendor, at its own expense, will clean up, store, transport, and dispose of any such wastes in accordance with applicable local, state, and federal laws and regulations.

22. The United Nations Convention on Contracts for the International Sale of Deliverables does not apply to this Purchase Order.

23. If there is a conflict between this Purchase Order and any such other agreement, this Purchase Order will take precedence, unless such other agreement specifically supersedes this Purchase Order.